[Filed February 11, 1890.]

E. A. McALLISTER, Appellant, v. THE CITY OF ALBANY, Respondent.

A municipal corporation upon whom its charter imposes the duty to keep its streets in a reasonably safe condition for travel is liable to persons for injuries caused by neglect to keep proper lights and guards at night around an excavation which it has authorized to be made in the street, although it has provided in its contract for such precautions with the contractor.

Appeal from the circuit court for Linn county.

*N. B. Humphrey, John Burnett* and *C. E. Wolverton,* for Appellant.

*J. K. Weatherford* and *D. R. N. Blackburn,* for Respondent.

Lord, J.—This is an action to recover damages for injuries sustained by the plaintiff in consequence of a ditch dug across a certain street of said city for the construction of a sewer being left open and without lights or guards, and into which the plaintiff drove his team and seriously injured himself and team. Among other defenses, the main one relied upon, and the only one necessary for us to decide is, that the defendant claims that the act occasioning the injury was caused by one Walter East, to whom the defendant had let a contract for the construction of a sewer, and that by the terms of said contract, the said East was an independent contractor, and as such had the exclusive control of digging said ditch, and the direction and management of the laborers engaged in the work, and that the said contractor is alone liable, and that the plaintiff ought not to have or maintain an action against the defendant. Our inquiry, then, is reduced simply to this: Who is liable to the plaintiff for the injuries he has sustained, the contractor or the defendant?

No rule of law is better settled than that one who contracts with another for the performance of certain work is not liable for injuries produced to third persons by the negligence of the latter in the performance of that work, when the relation of master and servant does not exist. Whether the rule applies to a municipal corporation, owing a duty to the public to keep its streets safe for travel, is a question which has been much discussed and upon which there is some diversity of judicial opinion.    To the general rule as stated, the cases indicate that there are two exceptions:   First, where the work is intrinsically dangerous to the public, however skillfully performed, and the injury results directly from the work, in such case the liability cannot be avoided by contract either by individuals or municipalities; and second, where the law devolves the duty upon a municipal corporation to keep its streets in a safe condition for travel, in such case the authorities are not agreed, but in the later and better considered cases hold that the municipality is liable to persons for injuries arising from neglect to keep proper lights and guards around a ditch or excavation which it has caused to be made in the streets, and that such liability cannot be evaded by contract.

Under the first exception, Mr. Dillon, after stating that "the principle of *respondent superior does not* extend to cases of independent contracts, where the party for whom the work is to be done is not the *immediate superior* of those guilty of the wrongful act, and has no choice in the selection of workmen and no control over the manner of doing the work under the contract," (§ 1028).   He adds: "It is important to bear in mind that it *does not apply where the contract directly requires the performance of a work intrinsically dangerous,* however skillfully performed.   In *such case* the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract."   Dillon on Munic. Cor., § 1029.

As the case in hand comes under the second exception,

further reference to the doctrine and cases under the first exception is not required. It is unnecessary to recite the provisions of the charter at length, for it is not denied but that the charter of the defendant imposes the duty to keep its streets in a safe condition for travel, and that this obligation it assumed as a governmental agency. The charter not only imposes the duty, but it confers the necessary powers to carry out and effect the object for which the duty was imposed. Can it devolve the performance of this duty upon another? or can it evade it by contract or otherwise? It would seem, from the intrinsic nature of the duty confided to the city, that it could not delegate it to another, by contract or otherwise, so as to escape liability for negligence. Mr. Dillon says: "According to the better view, where a *dangerous excavation is made* and negligently left open (without proper lights, guards or covering) in a traveled street or sidewalk by *a contractor under the corporation* for building a sewer or other improvements, *the corporation is liable to a person injured thereby,* although it may have had no immediate control over the workmen, and had even stipulated in the contract that proper precautions should be taken by the contractor for the protection of the public, and making him liable for accidents occasioned by his neglect." Dillon on Munic. Cor., § 1027. In *Storrs* v. *Utica,* 17 N. Y. 104, it was held that a municipal corporation, owing to the public the duty of keeping its streets in a safe condition for travel, is liable to persons receiving injury from neglect to keep proper lights and guards at night around an excavation which it has caused to be made in the street, whether it has or has not contracted for such precautions with the persons executing the work. ' This is regarded as a leading case, and like the case in hand, was an action against the city for negligence in suffering to remain open and without proper lights and guards at night, an excavation in the street, made in the construction of a sewer, by reason of which negligence the plaintiff drove a wagon in the sewer and was injured. After reviewing previous de-

cisions of the court, Judge Comstock says: "But in *Blake* v. *Ferris* there was a difference in the facts which may justify the doubt I have suggested. In that case there was no complaint of negligence in the actual performance of the work. The ditch was carefully and skillfully dug; there was no careless projection of rocks against horses or travelers. The plaintiff's carriage and horses were driven into the ditch because it was not guarded at night. The cause of the accident, therefore, was not in the manner in which the work was carried out by the laborers; if it had been, their immediate employer, and he only, was liable for the injury. But in a strictly logical sense, as it seems to me, the accident was the result of the work itself, however skillfully performed. A ditch cannot be dug in a public street and left open and unguarded at night without imminent danger of such casualties. If they do occur, who is the author of the mischief? Is it not he who causes the ditch to be dug, whether he does it with his own hands, employs laborers, or lets it out by contract?" The learned judge then proceeds: "The principles suggested become plain propositions in the case of a municipal corporation which owes to the public the duty of keeping its streets in a safe condition for travel. Although the work may be let out by contract, the corporation still remains charged with the care and control of the street in which the improvement is carried on. The performance of the work necessarily renders the street unsafe for night travel. This is a result which does not depend upon the care or negligence of the laborers employed by the contractor. The danger arises from the very nature of the improvement, and if it can be averted only by special precautions, such as placing guards or lighting the street, the corporation which has authorized the work is plainly bound to take these precautions. The contractor may very probably be bound by his agreement not only to construct the sewer, but also to do such other acts as are necessary to protect travel. But a municipal corporation cannot, I think, in this way, either avoid indictment in

behalf of the public or its liability to individuals who are injured.

It is true the question is not entirely free from difficulty, and that the doctrine of *Barry* v. *St. Louis*, 17 Mo. 121, and *Painter* v. *Mayor*, 46 Penn. St. 213, relied upon and cited by counsel for the defendant, sustains their position; but we think the weight of authority, as well as sound reason and public policy, is against them. See *Storrs* v. *Utica*, 72 Am. Dec. 441, note; *Robbins* v. *Chicago*, 4 Wall. 657; *Water Co.* v. *Ware*, 16 Wall. 566; *St. Paul* v. *Seitz*, 3 Minn. 297; *Mayor* v. *McCrary*, 84 Ala. 470; *Mayor* v. *O'Donald*, 53 Md. 110; *Logansport* v. *Dick*, 70 Ind. 65; *Detroit* v. *Borey*, 9 Mich. 165; *Springfield* v. *LeClaire*, 49 Ill. 476; *Circleville* v. *Neuding*, 41 Ohio St. 465; *Nashville* v. *Brown*, 9 Heisk. 1; *Nelson* v. *Wheeling*, 19 W. Va. 323; 2 Dillon Munic. Cor., §§ 1027, 1029, 1030. It is undeniable that the ditch dug across the street for the purpose of constructing the sewer was performed by the contractor under the express authority of the city. It let the contract to him to do the work as specified, and authorized him to excavate the street for that purpose; but the primary obligations to keep the street in a reasonably safe condition for travel devolve upon it by laws from which it could not divorce itself by contract. Such a ditch left uncovered, and not properly lighted or guarded at night, across a public street, necessarily involved great danger and liability to injury to those who might have to travel it. The public have a right to assume that a duty imposed by law is performed, and that in the absence of notice by lights or safeguards that such duty will be attended to, and the street kept in a reasonably safe condition for travel. Such a duty cannot be evaded by contract. When the municipality makes a contract with a person for the construction of a sewer, which necessarily requires an excavation in the street that will render it unsafe and dangerous to travelers at night, unless protected by lights and guards, and such person, although an independent contractor, in the prosecution of the work leaves the street in an unsafe condition for travel, by rea-

son whereof an injury is sustained by another, the corporation will be liable, without regard to the stipulations in the contract in respect thereto.   While the defendant very properly has provided in its contract that the contractor shall, in the prosecution of the work, observe all necessary precautions against accidents from leaving the street in an unsafe condition, yet it cannot avoid liabilities for injuries resulting from negligence to observe these precautions, not caused by the plaintiff's want of ordinary care, and must see to it that such duty is fully performed to avoid liability therefor.

The judgment must be reversed and the cause remanded for such further proceedings as may be necessary, in accordance with this opinion.