### W. D. WILSON ET AL. v. GEORGE K. OTIS ET AL.

1. MORTGAGE ON TWO LOTS, SUBSEQUENT MORTGAGE ON ONE, AND OF DEED OF OTHER—RIGHTS UNDER.

When A. has a mortgage upon two lots, and B. has a subsequent mortgage upon one, and C. an absolute deed for the other of a later date than the mortgage of B., A. cannot be compelled at the instance of B. to exhaust first the lot of which C. has become the purchaser. A. will be required to make his debt out of both lots in proportion to the amount each may produce.

2. WHEN FORECLOSURE IS NOT LIS PENDENS TO BIND VENDEE.

When C., pending foreclosure proceeding on said several mortgages, conveys the lots, so conveyed to her to D. by a valid conveyance, D. takes the lot with the same rights that C. had, and with no greater burdens. The doctrine of lis pendens does not apply.

3. VALUE OF LOTS AT TIME OF SALE DETERMINES BURDEN UPON EACH.

The amounts of the distributive shares of such mortgages are to be determined from the values of the respective lots at the time of the conveyance of the second lot to C. This is so though there was yet another mortgage on the first lot, conceded by all parties to be the first lien thereon, and which mortgage had been foreclosed and satisfied out of the proceeds of said first lot, and a small balance only of the proceeds held in court for distribution among the parties to this action; and though the second lot had been improved and greatly increased in value between the time of the conveyance to C. and the time of the rendering of the decree in this action. (Seney, J. dissented from this proposition of the syllabus.)

Proceeding in error to reverse the judgment of the Court of Common Pleas.

MOORE, J.

The questions relied upon are presented by the fifth and sixth assignments of error in the petition in error, viz:

"The court erred in rendering the judgment and decree in said cause in favor of said Julia A. Maxwell and Nettie Cowhick, and against these plaintiffs in error."

"The court erred in refusing to and not making a decree foreclosing the mortgage of said defendants, Thompson, Dalrymple and Henry, on the said twenty-five feet of land adjoining said Correll Block; and in making a decree quieting the title of said Julia A. Maxwell in and to said lot as against said mortgage and all rights or claims of these plaintiffs to

said lot, and in ordering said mortgage to be cancelled; and in refusing to subrogate these plaintiffs in error to the rights of said Thompson, Dalrymple and Henry in and to said mortgage on said lot adjoining said Correll Block."

The record discloses that on May 17, 1888, George K. Otis and his wife executed to one John W. Smith, the plaintiff below, their mortgage deed on lots Nos. 223 and 224, and ten feet adjacent thereto upon the southwesterly part of lots Nos. 223½ and 224½, in Hicksville, Defiance county, Ohio, to secure certain bonds, each in the sum of $2,000, and which mortgage is conceded to be the first lien upon the premises just described, and has been satisfied from the proceeds of the sale of the said property.

On August 23, 1888, Otis and wife executed and delivered to Dalrymple, Thompson and Henry their mortgage deed to secure the payment of $1,500 on the premises above described, and also twenty-five feet from lots 223½ and 224½ adjacent to the said ten feet, making thirty-five feet upon the said lots 223½ and 224½. This mortgage was filed for record, August 21, 1888.

On October 11, 1888, Otis and wife executed and delivered to Thompson, Wilson and Henry their mortgage deed to indemnify them for having become security for him, Otis, on a note given to Root and McBride Brothers, in the sum of $5,062.00, and which mortgage contained the following description, in addition to other descriptions in it: "Also sixty feet front by two hundred feet back of lots Nos. 223 and 224, on the original plat of said town, in said county and state; lots 223½ and 224½ adjoining said lots 223 and 224, all in said plat and said county and state, the premises being known heretofore as the Correll property, the Correll Block in said town being situated upon the said premises. This deed was filed for record on October 13, 1888.

Otis and wife executed and delivered to one Nettie Cowhick a warranty deed, conveying to her the twenty-five feet of lots 223½ and 224½ described in the mortgage to Thomson, Dalrymple and Henry; the deed is without date, but the acknowledgment of it bears date of October 12, 1888. This deed was filed for record October 24, 1888, on which day the proof shows it was executed and delivered.

On April 10, 1890, Nettie Cowhick sold and conveyed the twenty-five feet by warranty deed to Julia A. Maxwell, which deed was filed for record April 17, 1890.

Root and McBride Brothers were made parties to the action, and setting up among other things by way of answer and cross-petition, that the full amount due on said indemnity mortgage of Thompson, Wilson and Henry was payable to them, and asked that the proceeds arising from the sale of the mortgaged premises be decreed to them; that Dalrymple, Thompson and Henry be decreed to have their mortgage satisfied out of the other mortgaged premises, to-wit: the twenty-five feet adjacent to the Correll Block, and that the proceeds of the sale of the Correll Block, after the payment of the Smith mortgage, be awarded to them.

To this answer and cross-petition of Root and McBride Brothers, and the answers of Thompson and others, setting up their mortgages and asking the same relief as do Root and McBride Bros., Mrs. Cowhick makes answer, and says among other things:

"This answering defendant further says that on the sale of the premises described in the petition herein, there came into the hands of the sheriff as proceeds of the sale thereof, and into the control of this court more than sufficient funds to satisfy and discharge in full the costs of said action, the taxes on the tax duplicate of said county, the decree in behalf of the said plaintiff on his mortgage set up in said action, and the debt or liability made by George K. Otis to these defendants and the mortgage securing the same. Whether the said mortgage of the said answering defendant covers the said premises hereinbefore described, this answering defendant is not fully advised, but denies that it affects the same in any manner or form, or is in any way a lien thereon."

Mrs. Maxwell asserting her own right to the premises answers substantially the same as her grantor, Nettie Cowhick.

The premises covered by the original mortgage to Smith, the plaintiff, were sold, and his claim fully satisfied out of the proceeds of the sale, and the residue was sufficient to satisfy the mortgage to Dalrymple and others, and costs; but it was retained in the hands of the court, subject to the litigation that is made by the issues that are joined in this case, and the court below refused to subject the twenty-five feet that was deeded to Mrs. Cowhick, and by her conveyed to Mrs. Maxwell, to the payment of any portion of the Dalrymple mortgage, or to order any portion of it to be applied upon the mortgage of Thompson and others, the plaintiffs in error by subrogation.

Two claims are now presented and relied upon by the plaintiffs in error:

First—That the description in the mortgage given to them by George K. Otis includes the twenty-five feet afterwards conveyed to Mrs. Cowhick. Of course, if it did cover such description, it is subject to the payment of that mortgage, the same as the real estate that was mortgaged to the other parties.

Second—That as a prior mortgage to Dalrymple, Thompson and Henry included the twenty-five feet, and also the Correll Block, that plaintiffs in error are entitled in equity to have Dalrymple, Thompson and Henry, in case the Correll Block is not sufficient to satisfy both liens, to first exhaust the twenty-five feet covered by the mortgage of the plaintiffs in error; in other words, that the plaintiffs in error should be subrogated to the rights of Dalrymple, Thompson and Henry in the twenty-five feet.

As to the first proposition it is perhaps sufficient to say that the description in the mortgage to the plaintiffs in error is not a definite or certain description; it is not entirely void of ambiguity. We are of the opinion, however, that taking it altogether, it described sixty feet by two hundred feet, known as the Correll Block, situated on the Correll property, but does not include the twenty-five feet in controversy.

As to the second proposition upon which the main controversy arises, it may be said that it is a general principle of equity that if one party has a lien or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance for satisfaction, if that course is necessary for the satisfaction of both the parties.

There are three parties, however, interested in this case; not only the mortgagees, but also the grantees of Otis. The application of this principle in this case to Nettie Cowhick and her grantee, would have the property which they purchased subjected to the payment of a mortgage of which they had no notice, and of which the law did not require them to take notice. Nettie Cowhick was not required to go outside of the line of her own title to make inquiry, nor can she be bound by the latent equities arising between the mortgagees, however much they may desire to secure and accommodate each other. There was nothing connected with her title to put her upon inquiry; she was bound to know that Dalrymple and others had a mortgage upon the twenty-five feet, but not to know that it was to be incumbered by the mortgage of the plaintiffs in error.

The claim that Mrs. Maxwell purchased the property while the suit was pending, and was bound to know the equities of the parties as to the twenty-five feet, and that as to her the doctrine of *lis pendens* would subject her to the equities that would have existed prior to the conveyance of Mrs. Cowhick, is not tenable. Nettie Cowhick received her conveyance in October, 1888; this action was commenced a year later. Mrs. Maxwell took all the interest and rights in the premises which Nettie Cowhick possessed; and of course, no claim can be made against her because of the pendency of the suit.

It is further claimed by the plaintiffs in error that their lien having been taken subject to the rights of Dalrymple and others in the twenty-five feet and the Correll Block, and the interest of Mrs. Cowhick having been acquired afterwards, that in any event the twenty-five feet, and the Correll Block, should share proportionately the burden of the Dalrymple mortgage.

We think that this claim should be maintained; that is, when Nettie Cowhick took her conveyance, she took it encumbered by the Dalrymple mortgage; also the plaintiffs in error took their mortgage subject to the Dalrymple mortgage; this position is fully sustained by the case of Green v. Ramage, 18 O., 428.

"Where A. has a mortgage upon two lots, and B. has a subsequent mortgage upon one, and C. upon the other of the lots, of a later date than the mortgage of B., A. cannot be compelled at the instance of B. to exhaust first the lot on which C. has his mortgage. In such case A. will be required to make his debt out of both lots, in proportion to the amount each may produce.

"The facts are these: Ramage had the legal title to lot No. 14, and an equitable title to lot No. 39, in the town of Zanesville. He conveyed by mortgage, recorded October 10, lot 14 to Wilson. He also assigned the title bond, by which he held lot 39, to Wilson to secure the same debt secured by the mortgage. He conveyed by mortgage, recorded October 21, to Green, lot 14, and to Hillier lot 39, by mortgage recorded October 23. The bill is filed by Green for the purpose, among other things, of compelling Wilson to exhaust lot 39 before proceeding against the other, on which Green has a mortgage."

Discussing this principle of subrogation, to which, I have just alluded, the court says:

"In this case, however, there are three parties interested. If Green should compel Wilson to exhaust lot 39 before he comes on lot 14, then Green will have the benefit of the fund arising from lot 39, although he took no security on it. But Hillier by this arrangement will be deprived entirely of his security on lot 39, although he took a mortgage on it. We think the rule cannot be applied in a case of this kind. The principle is one established for the purpose of securing to parties the right to which, upon the principles of natural justice, they are entitled. To deprive Hillier of his security in this way, would be manifestly unjust. When Green took his mortgage he had notice of the mortgage of Wilson, on lot 14. When Hillier took his mortgage on lot 39, he had notice only of the lien of Wilson, which was all the incumbrance on it. There was nothing connected with Wilson's lien that was even calculated to put him on enquiry in reference to Wilson's mortgage on lot 14, because Wilson's liens on these two lots was created by separate instruments. But if Wilson's lien on the two lots had been created by a single mortgage, Hillier was not bound to notice the situation of lot 14, having nothing to do with it. We think, then, that justice between Hillier and Green requires that each should have the full benefit of his mortgage, and this can only be done by requiring Wilson to take his debt out of the proceeds of both lots proportioned to the amount that each lot may produce."

In the case at bar, one of these properties has been sold and the proceeds are in the hands of the court. The other lot which was conveyed in fee simple has been improved, so that it is of much greater value than at the time of the purchase, and a majority of the court is of the opinion that Nettie Cowhick's rights were fixed at the time she received her conveyance, and she, or her grantee, Mrs. Maxwell, would have the right as to any one of the outstanding mortgages to redeem.

That the proportionate share of the Dalrymple mortgage and the mortgage of the plaintiffs in error, to be paid by Mrs. Cowhick, or her grantee, should be estimated from the value of premises respectively at the time of the conveyance to Mrs. Cowhick, which was in October, 1888.

From this disposition as to the time of the determination of respective amounts to be paid, Judge Seney dissents.

We think, therefore, that the court of common pleas erred in not ordering that the proportionate share of the Dalrymple mortgage be paid from the twenty-five feet as we have indicated. For that reason the decree of the court of common pleas will be reversed, and the cause remanded to be determined and proceeded with under the rule established by this court.

Harris & Cameron, for plaintiffs in error.

J. W. Winn, B. B. Kingsbury, and J. C. Ryan, for defendants in error.