## GARDNER *v.* WASCO COUNTY.

[61 Pac. 834.]

NEGLIGENCE OF COUNTIES—STATUTORY CONSTRUCTION.

1. Sess. Laws, 1893, p. 141, providing that parties having no knowledge of the defective condition of a highway may recover damages from the county for injuries caused thereby, merely expresses the common law, and must be interpreted by the rules there enforced as to exercising care corresponding to the danger.

NEGLIGENCE OF COUNTY—ICE ON HIGHWAY.

2. An icy road ran down a steep hill along a gulch, making a sharp turn out around a point of rock near the bottom. As plaintiff was driving down the road with a heavy load, his horses slid on the ice, but were kept on the road as far as the turn, where they were precipitated into the gulch with their load. *Held*, in an action against the county, that the question whether a negligent construction and maintenance of the road was the proximate cause of the damage should have gone to the jury.

CONTRIBUTORY NEGLIGENCE—ICY HIGHWAY.

3. An icy road ran down a steep hill along a gulch, making a sharp turn about fifty rods from the bottom. As plaintiff, who knew its condition, was driving down the road with a heavy load, his horses slid on the ice, and were precipitated into the gulch with the load. His harness had no breeching, and his horses were unshod. *Held*, that the question whether plaintiff was guilty of contributory negligence should have been submitted to the jury, since it was incumbent on him to exercise only that degree of care commensurate with the danger.

HIGHWAYS—KNOWLEDGE OF DEFECT—WARNING—STATUTES.

4. Under a statute providing that whenever a traveler on a county highway, without contributory negligence, and "not having been warned of the defect or danger by notice or otherwise," sustains any loss, damage or injury, he may recover damages, etc. The clause, "not having been warned of the defect or danger by notice or otherwise," refers to written or printed notice given when roads are found unsafe, and of otherwise warning travelers by means of barriers; and a knowledge of the defect is not equivalent to the warning referred to in such clause, and does not preclude recovery where the traveler used care proportionate to the danger.

From Wasco : W. L. BRADSHAW, Judge.

Action by Henry Gardner against Wasco County to recover damages for injures caused by sliding off a hillside county road. There was a judgment of nonsuit, hence this appeal.    REVERSED.

For appellant there was a brief over the name of *Moore & Gavin*, with an oral argument by *Mr. J. F. Moore*.

For respondent there was a brief over the names of *A. A. Jayne*, District Attorney, and *W. H. Wilson*, with an oral argument by *Mr. Wilson*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action to recover damages for an injury alleged to have been caused through the faulty and negligent construction and repair of a county road. The road in question runs along the course of a gulch at a steep incline, and was constructed by grading along the north and northeast side of a hill. From the foot of the hill the road runs up comparatively straight for fifty yards or more, where it makes a sharp turn around a point of

rock, and thence continues on a slight curve for some three or four hundred yards. In going down the grade, the point of rock makes it necessary to turn slightly to the right, and, when it is reached, to turn sharply to the left, and from this straight ahead to the foot of the hill. The roadbed at the point consists chiefly of solid rock, is from six to eight feet in width, and slopes toward the gulch; the inner side being some five to seven or eight inches higher than the outer edge. Above the point some thirty or forty yards, and at or near a turnout in the road, ditches for draining had been dug diagonally across it some time previous to, and probably within the year of, the accident, but no attempt had been made to construct a ditch next to the bank to carry away the water coming from the hillside. Aside from the fact that the grade had been washed more or less by the fall rains, which may have affected its lateral slope somewhat, the road had been practically in the condition indicated for many years, of which the defendant had ample notice. The plaintiff had lived in the neighborhood some four or five years, had passed over the road frequently, and was well acquainted with its general condition. A few days before the accident occurred, the ground in the vicinity was covered with ice, which rendered the surface very slippery; but on the Sunday night and Monday morning previous thereto it had disappeared generally, but, by reason of the road being on the north side of the hill, the ice thereon had not entirely thawed out. On Wednesday morning the plaintiff, accompanied by his wife, started to The Dalles from Mr. Haverly's place, in a wagon loaded with some twelve hundred pounds of barley, drawn by two horses, weighing about one thousand and fifty pounds each. In attempting to descend the hill, he unexpectedly encountered the ice, some two or three hundred yards above the rock point, and his horses began to slide. By

strenuous effort he was enabled to hold them in the road until he passed the point of rock about forty feet, when they left it, precipitating the outfit into the gulch, whereby the injuries were received of which the plaintiff complains. The horses were unshod, the harness was without breeching or holdback straps, and the brake failed to respond when plaintiff attempted to apply it from the time he encountered the ice. In testifying in his own behalf, he said : "I was coming down the hill, and struck the ice, and tried to stop ; but, just as quick as my horses' feet struck the ice, they commenced sliding on down the hill, and the load itself pushed them right down. I held them into the road till I got to that point of rock that was mentioned, and turned over. They couldn't make the turn. The wagon forced them on down off the grade.   *   *   *   They went off the grade about forty feet below the point of rocks." When questioned about the brake, he further stated that "the brake wouldn't hold any on the wagon. The wheels would slide on it. Wasn't any use whatever. That it wouldn't work." That, had it not been for the ice, he would have gone along all right,—and attributed the difficulty to the ice. When he had concluded his evidence, the defendant moved for a nonsuit, which was granted, and, judgment having been entered accordingly, the plaintiff appeals. .

Preliminarily, it is urged that the road in controversy was not shown to be a legal highway but there was sufficient evidence in the record to go to the jury upon that subject, and the inquiry should have been left to them.

1. And, again, it is urged that, plaintiff having had knowledge of the condition of the road, he is expressly precluded by the statute from pursuing the remedy given against a county for the recovery of damages incurred

while traveling upon a defective highway. The evident purpose of the statute is to give a right of action against a county for compensatory damages in like and similar cases as it exists ordinarily against individuals or private corporations. The clause of the statute, "not having been warned of the defect or the danger by notice or otherwise" (Laws 1893, p. 141), simply expresses the common law condition upon which recovery may be had, and must be interpreted by the rules as they are thereby ascertained and settled.

2. The question for determination is whether the nonsuit was properly granted. The burden of proof is upon the plaintiff to establish the alleged negligence of the defendant. The defendant contends that the plaintiff has not only failed in this regard, but has shown such contributory negligence as will also prevent his recovery. It must be conceded the testimony tends to show that the road passing the point where the accident occurred was not as skillfully constructed, nor in as good and suitable repair, as it might have been. The point of rock requiring the sharp turn in the driveway, the steep descent, the narrowness and the lateral slope of the road, rendered it more or less unsafe at that particular locality. It had been traveled for more than twenty years, however, during all of which time it had been in much the same condition as at the time of the accident, barring the accumulation of ice in the roadbed. It was sought to be shown, and there is some evidence tending in that direction, that the accumulation of ice in the road was caused by the faulty construction and bad repair thereof, and, therefore, it is argued, the injury was attributable to the negligence of the defendant in allowing the road to remain in such condition. Generally speaking, mere slipperiness, arising from a smooth surface of ice or snow upon a highway, is not such a

defect as will render a municipality liable for injuries sustained on account thereof: Beach, Contrib. Neg. (3 ed.) § 272; *Stanton* v. *City of Springfield*, 12 Allen, 566; *Pinkham* v. *Topsfield*, 104 Mass. 78. If, however, by reason of some structural defect in the highway, ice is caused to accumulate thereon so as to render it unsafe for use or travel, quite a different question is presented. It depends, then, upon which may be considered the proximate cause of the injury. Where the formation is smooth and level, and injury results, the authorities seem to be divided as to which to attribute the proximate cause—whether to the structural defect or to the ice formation. Where it is attributed to the ice, it is held to proceed from a natural cause for which the municipality is not responsible; but, upon the other hand, when it is attributed to the structural defect, liability is held to attach: *Chamberlain* v. *City of Oshkosh*, 84 Wis. 289 (36 Am. St. Rep. 928, 54 N. W. 618, 19 L. R. A. 513); *Adams* v. *Chicopee*, 147 Mass. 440 (18 N. E. 231). Where, however, there is a faulty construction or neglect of repairs conducive to the accumulation of ice in the highway, and both the defect and the ice concur in contributing to the injury, the cause may be ascribed to the defect, provided the injury would not have·resulted but for it, although the presence of the ice may be a contributing cause also.

A rule applicable to such condition has been adopted in New York, and is stated by Mr. Justice EARL, in *Ring* v. *City of Cohoes*, 77 N. Y. 83 (33 Am. Rep. 574), as follows: "When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided the injury would not have been sustained but for

such defect." It is stated in a slightly different form in *Searles* v. *Manhattan Ry. Co.* 101 N. Y. 661 (5 N. E. 66), viz.: "When the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail, if his evidence does not show that the damage was produced by the former cause. And he must fail, also, if it is just as probable that they were caused by the one as by the other, as the plaintiff is bound to make out his case by the preponderance of evidence." And it finds illustration in a still later case : *Taylor* v. *City of Yonkers*, 105 N. Y. 202 (59 Am. Rep. 492, 11 N. E. 642). It was alleged therein that ice had formed on a sidewalk, sloping towards the curb, and the complainant received injuries while attempting to walk thereon. The learned judge who wrote the opinion was led to remark, in view of the rule, that "if that slope was one concurring cause of the fall, without which the accident would not have happened, the city is liable." It was held, however, that the rule had been erroneously applied in that case, by ascribing the primary or proximate cause to the structural defect of the sidewalk ; but the following comment elucidates the appropriate application : "The plaintiff slipped upon the ice. That by itself was a sufficient, certain and operating cause of the fall. No other explanation is needed to account for what happened. It is possible that the slope of the walk had something to do with it. It is equally possible that it did not. There is not a particle of proof that it did. To affirm it is a pure guess and an absolute specu-lation. Are we to send it to a jury for them to imagine what might have been? The great balance of probability is that the ice was the efficient cause. There is no probability, not wholly speculative, that the slope was also such. Its descent was slight,—not quite an inch in a

foot, and not more than constantly occurs in the streets of a city. No knowledge or intelligence can determine or ascertain that such a slope had any part or share in the injury, and to send the question to the jury is simply to let them guess at it, and then upon that guess to sustain a verdict for damages.''

The rule appears to be founded upon reason, and has impressed us as the proper one to adopt in the present case, thereby making the solution of the controversy practical and easy. The evidence tends to show that the road was faulty in construction around the point of rock, and out of repair ; that it was steep, narrow and sloping from side to side at an unusual angle, with a sharp turn around the point ; that it was so constructed or illy repaired as to cause or permit the ice to form upon its surface ; and that all these conditions combined to contribute to the accident of which the plaintiff complains. Now, if it can be said that the narrowness, the slope, the sharp turn in the road, and the lack of proper drainage, constituted the one concurring cause of the accident, without which it would not have happened, then the county would be liable. Unlike the case of *Taylor* v. *City of Yonkers*, 105 N. Y. 202 (59 Am. Rep. 492, 11 N. E. 642), it might reasonably be inferred that the slope at the point of rock, the narrowness of the road, the sharp turn in it, and the lack of proper drainage, constituted the primary and efficient cause of the accident, while the ice formation may have been also a contributing cause. It was therefore a proper question for the jury to determine, under all the conditions and circumstances, whether the county was negligent in the construction and repair of the road in question, and, if so, whether such negligence contributed to plaintiff's injury, as the proximate cause.

3. This brings us to the inquiry whether the plaintiff

has been guilty of such contributory negligence that the court will say, as a matter of law, will preclude his recovery. He was acquainted with the structural condition of the road, for he had traveled it for several years, had hauled wheat over it the preceding fall, and passed over it shortly prior to the accident. He must be charged, therefore, with knowledge of its faulty character and bad repair. This fact, however, does not restrain his use of it to such an extent as to relieve the county of liability. He may yet exercise his privilege of traveling upon it, but, if he would recover for any damages sustained, he must exercise a degree of care commensurate with the danger : Beach, Contrib. Neg. (3 ed.) § 249. This must be such as common prudence and reason would dictate, and whether he is negligent in the exercise of such care and prudence is ordinarily a question for the jury to determine under all the attendant and surrounding facts and circumstances. The fact was established that his horses were unshod, his harness was without suitable appliances for holding the wagon with its load, and that his brake would not respond when he attempted to apply it, and it is argued that these deficiencies were sufficient to preclude a recovery. He attributes the failure of the brake to take hold solely to the agency of the ice, and, but for its presence, he thinks he would have passed down safely. This latter is his opinion only, and constitutes a conclusion which should not be considered in ascertaining the cause.

"It is the general rule," say the authors of 15 Am. & Eng. Enc. Law (2 ed.), 474, "that one is not precluded from recovery for injuries caused by a defective highway by the fact that defects in the vehicle or harness, or vices in the horse, contributed also to the accident, provided these defects were not actually, or constructively known to him." One may infer that the defect in the brake

was unknown to the plaintiff, and it is probable he was without knowledge of the presence of the ice until he actually encountered it, when it was too late for him to retrace his steps. These were conditions for which he was not responsible or accountable, and would not, therefore, under the rule, preclude a recovery, and hence may be eliminated from the consideration of the inquiry whether, as a matter of law, he was negligent. Of course, if he had known of the defective brake, quite another question would have been presented, as it would have added another and perhaps fatal element in the matter of contributory negligence.

The plaintiff was aware, however, of the condition of his harness and horses ; and the inquiry now turns upon the question whether these defects alone, combined with the plaintiff's knowledge of the faulty condition and repair of the road, constitute negligence *per se* upon his part in essaying to travel upon it under such circumstances. "To constitute contributory negligence," says Beach, "there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury :" Beach, Contrib. Neg. (3 ed.) § 7. These two elements are necessary, and must concur in producing the result. They are illustrated by the two questions, "Did the plaintiff exercise ordinary care under the circumstances?" and, "Was there a proximate connection between his act or omission and the hurt he complains of?" So it is here. We must be able to say, first, whether the plaintiff could, with ordinary care and prudence in the preparation of his team and tackle for the trip, have avoided the accident, in view of the load he designed to carry and the condition of the road. Would a man of reasonable prudence and foresight have entered upon the journey with his team and harness in the condition herein

described, knowing that he would have to make use of a faultily constructed and illy repaired road, such as lay in the course of his travel? And, secondly, was the want of common prudence in this respect, if such it be found to be, the proximate contributing cause of the injury?

Upon the proposition thus stated it is apparent that reasonable minds may differ; that is, the conclusion that he did not use ordinary care under the circumstances and conditions, or that such want of prudence, if such it was, was the proximate contributing cause, does not necessarily follow. In such a case, there being a reasonable doubt upon the subject, the question, as we understand it, is always for the jury. We have, in our analysis of the subject, eliminated the fact of the condition of the brake and the presence of the ice in this latter phase of the case, because they were matters unknown to the plaintiff, under the evidence as it now stands, or at least the preponderance of it; but the question of his foreknowledge of these facts is ordinarily one for the jury, also, and, of course, if he had such knowledge, then the matter of his want of care would become much graver, if, indeed, it would not preclude his recovery as a matter of law. Being of the opinion that the questions touching the proximate and primary cause of the injury and the fact of contributory negligence were for the jury, the judgment of the court below will be reversed, and the cause remanded for a new trial.          REVERSED.

Decided 19 November, 1900.

ON PETITION FOR REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

4. By a strongly reasoned petition for rehearing it is contended that we misconstrued the statute rendering the county liable in damages for injuries sustained by per-

sons lawfully traveling upon a legally constituted high-
way by reason of defects therein. We were, perhaps,
too brief in our former discussion to be well understood.
The statute provides that "whenever any individual,
while lawfully traveling upon a highway of this state,
the same being a legal county road, shall, without con-
tributory negligence on his part, and not having been
warned of the defect or danger by notice or otherwise,
sustain any loss, damage or injury,  *  *  *  he shall
be entitled to recover compensatory damages," etc.:
Sess. Laws, 1893, p. 141. This has given a remedy
where none formerly existed, but the general rules of
the law touching the negligence of the county and con-
tributory negligence of the complainant are applicable,
as in similar actions of negligence against individuals
or private corporations. The clause, "not having been
warned of the defect or danger by notice or otherwise,"
has reference, and was intended, no doubt, to give effect,
to the custom of the counties in giving notice of the bad
condition of roads and bridges within their supervision
where found to be so defective as to be dangerous and
unsafe for public use or travel. The public safety and
welfare require that they take such precaution to prevent
injury, being charged with the duty of keeping the high-
ways in suitable condition and repair. The warning may
be given otherwise than by notice, which, by common
understanding, is written or printed. It may be by ob-
structions or barriers intended as signals of danger and
to divert travel. "If the way becomes dangerous or im-
passable," says Mr. Elliott, "it must be protected ; and
fences, barriers or other means must be used to warn
travelers of the danger :" Elliott, Roads & S. 458. So
it was held in *Erie City* v. *Schwingle*, 22 Pa. St. 384 (60
Am. Dec. 87), in effect, that, if the officers of the borough
permitted the street to be used, without warning the pub-

lic of its imperfect condition, they cannot charge the plaintiff with inexcusable negligence or want of ordinary care in using it. These references sufficiently illustrate our meaning without further comment. Now, a person not having been so warned has his action, and knowledge is not the equivalent of such warning, and was not so intended by the legislature. Of course, knowledge of a defect, and the use of the road or bridge with such knowledge, is evidence of negligence; but, if care is shown commensurate with the danger, still the action will lie. The warning by the county relieves it from liability, for, if persons essay to venture upon the road or highway thereafter, and before proper repairs are made, they do so at their own risk. It would have been an easy matter for the legislature to have used the expression "without knowledge," instead of, or in addition to, the words "not having been warned," etc.; and we must assume that, if it intended knowledge of the defect to be the equivalent of the warning referred to, it would have said so quite as briefly and directly. But, having used the other expression, we think it should be interpreted as we have indicated herein. The petition for rehearing will be denied.          Rehearing Denied.

Decided 9 July, 1900.