Argued 13 February; decided 15 April, 1901.

## NOSLER *v.* COOS BAY RAILROAD CO.

[64 Pac. 644; 22 Am. & Eng. R. R. Cas. 720.]

HIGHWAYS—DEFECTIVE ROAD RECORD AS EVIDENCE.

1. In an action for damages by a traveler for injuries sustained through an encroachment on a highway, evidence of the establishment of the road, though irregular, or even void, is competent to show the original location of the road, when coupled with evidence of user following the lines established for a period equal to the statute of limitations for adverse possession: *Bayard* v. *Standard Oil Co.* 38 Or.4 38, followed.

LIABILITY TO DAMAGES FOR OBSTRUCTING HIGHWAY.

2 An unauthorized encroachment upon or obstruction of a public road is a nuisance, and a traveler, who, while using ordinary care, is injured in consequence of such nuisance, has a cause of action against the person responsible therefor.

AMENDING PLEADING DURING TRIAL—DISCRETION.

3. In an action of damages for injuries occasioned by an unlawful excavation in a public road, where the answer tacitly admitted that defendant had made the excavation, it was not an abuse of discretion to refuse an application during the trial to amend by adding a denial that defendant made the excavation and an allegation that it was made by a contractor for defendant.

CONTRIBUTORY NEGLIGENCE—DEFECTIVE APPLIANCES.

4. In actions against municipalities for injuries caused by defective highways, the plaintiff is not chargeable with contributory negligence because of defects in his equipment, unless these were actually or constructively known to him: *Gardner* v. *Wasco County*, 37 Or. 392, 400, applied.

SUDDEN DANGER*—CONTRIBUTORY NEGLIGENCE.

5. Where plaintiff was injured by his team and wagon falling into an excavation made by defendant in a public highway, the fact that plaintiff, when suddenly and unexpectedly confronted with the difficulty, did not act in the best way, or exercise that presence of mind required of a prudent man under ordinary circumstances, does not constitute contributory negligence, and is not a defense to an action for damages.

ACTION FOR DAMAGES—QUESTION FOR JURY.

6. In an action for damages for injuries sustained by a team backing into an excavation made by defendant in a public highway, the questions of the care exercised by plaintiff at the time of the accident, and whether he was a skillful driver, were properly submitted to the jury.

## From Coos :   HENRY L. BENSON, Judge.

*NOTE.—On the question whether contributory negligence will be imputed as a matter of law to a plaintiff whom terror or excitement, brought about by the negligence of the defendant, causes to act erroneously or to adopt a perilous alternative in endeavoring to escape the injury which such negligence threatens, see 12 Am. & Eng. R. R. Cas. 789.—REPORTER.

This is an action by J. H. Nosler against the Coos Bay, Roseburg & Eastern Railroad & Navigation Company to recover damages for injuries to plaintiff from being thrown over an embankment, alleged to have been made by the defendant company within the limits of a public highway. In 1874 the county court of Coos County attempted to locate a county road, sixty feet wide, from Coquille City to North Fork Bridge, which was open to travel, and has ever since been, and now is, used as a public highway, and one of the principal thoroughfares of the county. In consequence of some supposed irregularities in its proceedings, the county court, in 1886, attempted to relocate the road over the route formerly surveyed. Some time between 1890 and 1893, in the construction of the defendant's railroad, a cut about thirty feet deep was made at a point where the wagon road passes along the side of a hill, immediately below, and only three or four feet from, the beaten roadway, and within its exterior limits. This cut was made without any agreement with the county court for the use of the highway by the railroad company, and left a space of only ten or eleven feet between a bank four or five feet high on the upper side of the road and the edge of the cut, which at the time of the accident was not guarded or protected in any way. Prior to the construction of the railroad, the hillside below the beaten wagon track had a slope of perhaps twenty-five or thirty degrees, and was covered with brush and timber. On the morning of October 18, 1897, the plaintiff, who resides at Coquille City, hired a team and light spring wagon, and, with his wife and two other ladies, drove out five or six miles, to Norway. This was his first trip over the road since the construction of the railway. Some time in the afternoon, after loading into the wagon five or six boxes of apples, they started to return home. As they reached a point

opposite to, or a few feet beyond, the excavation made in the construction of defendant's railroad, and while ascending a steep incline, they suddenly and unexpectedly met another team and wagon coming around a bend in the road.   As there did not seem to be room to pass, the plaintiff stopped his team, but, owing to the manner in which his wagon was loaded, the brake failed to work, and the horses, becoming restive and beyond his control, backed the wagon, with its occupants, over the bank and into the excavation, severely injuring the plaintiff, and killing his wife.

The complaint alleges that the excavation was made by the defendant company, within the limits of the county road, wrongfully and unlawfully.   The answer denies that it was wrongfully made, but admits, by not denying, that it was made by the defendant company. It also sets up the defense of contributory negligence. The trial below resulted in a verdict and judgment for the plaintiff in the sum of $1,000, and defendant appeals, assigning as error (1) the admission in evidence of the proceedings of the county court in the matter of the location and relocation of the county road;  (2) in denying the application of the defendant to amend its answer; (3) in overruling its motion for a nonsuit, made at the close of plaintiff's testimony;  and (4) in giving and refusing certain instructions.              Affirmed.

For appellant there was a brief over the names of *Joseph W. Bennett, S. H. Hazard*, and *William Henry Effinger*, with an oral argument by *Mr. Hazard.*

For respondent there was a brief over the names of *A. J. Sherwood, Andrew M. Crawford*, and *Watson & Beekman*, with an oral argument by *Mr. Edward Byars Watson.*

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

1.   It is urged that the court erred in admitting in evidence the records of the county court in the matter of the location and relocation of the road, for the reason that they show on their face that the court was without jurisdiction over the subject-matter or the parties to be affected by the establishment of the road. We had occasion, in the recent case of *Bayard* v. *Standard Oil Co.* 38 Or. 438 (63 Pac. 614), to consider the question of the competency as evidence of irregular and ineffectual proceedings of a county court in the matter of the establishment of a county road in an action brought by a traveler to recover damages for an injury alleged to have been received by him, caused by an encroachment by the defendant on the public highway. It was held, in effect, that such proceedings are evidence of color of title, and that a subsequent user by the public of the road attempted to be located, for the statutory period, if begun and continued with reference to the proceedings of the county court, is proof of a legal highway, the full width designated in such proceedings. It is undisputed that the road, as attempted to be located, was afterwards opened, and, prior to the accident, had been in continuous use by the public as a highway for more than ten years. The proceedings of the court were therefore competent and admissible as testimony, and in connection with the public user, sufficient proof of the establishment of the road sixty feet in width.

2.   It is also admitted, or undisputed, that the cut made in the construction of the defendant company's railroad is within such sixty-foot limit, and was made without permission of the county authorities. It is therefore a nuisance, and a traveler who, while himself using

ordinary care, is injured thereby, has a cause of action against the person or company responsible therefor : 15 Am. & Eng. Ency. Law (2 ed.), 433 ; Angell & Durfee, Highw. (2 ed.) § 290 ; *Congreve* v. *Smith*, 18 N. Y. 79 ; *Beck* v. *Carter*, 68 N. Y. 283.

3.    The answer does not deny that the cut was made by the defendant company, but after the motion for a nonsuit had been overruled, the defendant applied to the court below for permission to amend it, so as to make such denial, and in support thereof stated that, if the amendment was allowed, it proposed to show that it was made by a contractor, and not by the company.   The application for leave to amend was denied, and this ruling is assigned as error.   If it be conceded that a railroad company is not liable for an injury caused by an excavation in a public highway made by a contractor in the construction of its road (but see *McAllister* v. *City of Albany*, 18 Or. 426, 23 Pac. 845), there was no reversible error in denying the application.   The motion was addressed to the sound discretion of the trial court, and, as there was no abuse thereof, its action will not be disturbed.   We must assume, therefore, under the pleadings and the record, that the cut was made by the defendant company, or that it is responsible therefor the same as if it had been so made.

4.    This brings us to the question of the plaintiff's contributory negligence.   As has often been said, contributory negligence is usually a question for the jury. The elements which enter into its consideration are generally of such a nature as to make it an issue of fact.   Indeed, even when the facts are not disputed, but different inferences may be drawn from them, the question is still for the jury.   In considering this phase of the case, it is

important to bear in mind that the plaintiff was traveling along a public highway, where he had a right to be, and that the defendant, for its own benefit, and without the consent of the county authorities, had changed the face of the road, greatly increasing the danger to travelers. The plaintiff had not been over the road since the construction of the railway, was not familiar with its condition, nor did he know before he started in the morning that the brake on his wagon would not work satisfactorily, or that his horses would not hold a wagon on a grade. He asked for a gentle team and a wagon suitable for the journey he desired to make, and supposed he had them. Indeed, the evidence tends to show that he did have. The court can not rule, therefore, as a matter of law, that he was guilty of such contributory negligence as would prevent a recovery. The general doctrine applicable to cases of this character is that one is not precluded from a recovery, even against a municipality, for an injury caused by a defective highway on account of defects in his vehicle or harness or vice in the horse, unless these were actually or constructively known to him (15 Am. & Eng. Ency. Law [2 ed.], 474; *Gardner* v. *Wasco County*, 37 Or. 392, 400, 61 Pac. 834), and there is no proof that the plaintiff had any such knowledge.

5. Nor is it any defense that he did not exercise that cool and deliberate judgment in the sudden emergency confronting him that subsequent investigation suggests would have been the most prudent course. Where one suddenly finds himself in a place of danger through another's want of care, he can not be held guilty of contributory negligence merely because he does not act in the best way, or exercise that presence of mind required of a careful and prudent man under ordinary circum-

stances: Beach, Contrib. Neg. § 40; *Malloy* v. *Walker Township*, 77 Mich. 448 (43 N. W. 1012, 6 L. R. A. 695).

6.   Whether the plaintiff exercised proper care, caution, and judgment at the time of the accident, under all the circumstances, and whether he was a skilled or unskilled driver, were all questions of fact, and there was no error in the trial court submitting them to the jury.

Several assignments of error are based upon the giving and refusing of instructions, but, upon the whole, we think the case was fairly and properly submitted to the jury, and that no reversible error can be predicated upon the instructions.   The judgment will therefore be affirmed.                                          AFFIRMED.