DAVID T. BAYLES AND ANOTHER, RESPONDENTS, *v.* HOWARD WALLACE, APPELLANT.

*Statute of frauds — when an agreement to be responsible for the purchase-price of lumber furnished to a third person is an original contract.*

Where a party furnishing lumber for the erection of a building, after the delivery of a portion thereof, becomes suspicious as to the solvency of the contractor and refuses to furnish more lumber unless the owner of the property shall become responsible therefor, and such owner agrees to become responsible for the lumber delivered subsequent to that time, the contract with such owner is an original undertaking and does not fall within the statute of frauds, and he becomes the original debtor for the lumber thus furnished in consequence thereof.

APPEAL by the defendant from a judgment, entered in the Suffolk county clerk's office on the 27th day of December, 1889, in favor of the plaintiffs, after a trial at the Suffolk County Court before the court and a jury, at which a verdict was rendered in favor of the plaintiffs for the sum of ninety-seven dollars and thirty-eight

cents; and also from an order denying defendant's motion for a new trial made upon the judge's minutes.

The action was brought to recover the sum of ninety-seven dollars and thirty-eight cents and interest, the balance due from one Samuel H. Brewster to the plaintiffs D. T. Bayles & Son, and was based upon the alleged special promise of the defendant Howard Wallace that he would pay the same.

*Thomas J. Ritch, Jr.*, for the appellant.

*Thomas S. Mount*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment entered upon a verdict rendered in the County Court of Suffolk County in favor of the plaintiffs, against the defendant, and from an order denying a motion for a new trial on the minutes of the court. The action was brought for the recovery of a balance due upon an account for lumber used in the erection of a building for the defendant.

The contractor for the erection of the building was Samuel H. Brewster, and the agreement to furnish the lumber was originally made with him, but the claim of the plaintiffs upon which this action is based is, that after they had delivered some lumber under their agreement with said Brewster they became suspicious and informed the defendant that unless he became responsible for the lumber they would furnish no more, and that the defendant then agreed to become responsible for the lumber delivered subsequent to that time.

That agreement was denied by the defendant, and the two theories were presented to the jury with instructions to render a verdict for the plaintiffs if the agreement was made as they claimed, and to find for the defendant if it was not made.

The jury rendered a verdict for the plaintiffs, and we must, therefore, assume that the agreement was made according to the testimony of the plaintiffs. Assuming the existence of the agreement, the defendant became the original debtor and the contract did not fall within the statute of frauds, because it was an original undertaking. There was no error in the charge of the trial judge, but, on the contrary, the case was properly presented to the jury by the charge. The verdict is evidently just, and fully sustained by the evidence.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.