PARKES *et al. v.* STAFFORD *et al.*

*(Supreme Court, General Term, Fifth Department.   October 23, 1891.)*

1. STATUTE OF FRAUDS—PROMISE TO ANSWER FOR ANOTHER'S DEBT.
   Plaintiffs, after having refused to sell lumber to one S., who had contracted with defendants to build them an hotel, were introduced by S. to one of the defendants, and informed him that they were not willing to sell to S., but, if defendants would become responsible to pay for the lumber, they would ship it in their name. Defendant consented, and plaintiffs afterwards shipped the lumber in defendants' name, and charged it directly to them. *Held*, that the agreement was not to answer for the debt of another.

2. SAME—INSTRUCTIONS.
   In an action for the price of such lumber, defendants asked the court to charge that, if their promise was a mere guaranty of the payment of S.'s bill, plaintiffs could not recover. The court refused the instruction, but afterwards, at defendants' request, charged that plaintiffs must establish to the satisfaction of the jury that the lumber was shipped and sold to defendants, and that they promised to pay for it. *Held*, that defendants were not prejudiced.

Appeal from circuit court, Erie county.

Action by John F. Parkes and others against Miles A. Stafford and others for the price of lumber. Judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*Le Roy Parker*, for appellants.   *A. C. Calkins*, for respondents.

LEWIS, J. This action was brought to recover a balance alleged to be due for a bill of lumber sold by plaintiffs to defendants. A Mr. Sinclair had contracted with the defendants to build for them an hotel. He negotiated with the plaintiffs, who were operating a planing-mill, to furnish materials for the

hotel. The plaintiffs, ascertaining that Sinclair was pecuniarily irresponsible, refused to furnish him the materials. Sinclair therefore introduced the plaintiffs to the defendant Stafford, as one of the firm for whom he had agreed to construct the hotel. The plaintiffs informed Stafford that they were not willing to sell to Sinclair, but, if the defendants would become responsible for the pay for the materials, they would ship the stuff in the name of the defendants. Stafford consented, and plaintiffs shipped the materials to them. The goods were not sold to Sinclair, but to the defendants, and charged to the defendants. Sinclair owed nothing to the plaintiffs. Hence it was not an agreement to answer for the debt or default of Sinclair. Had the goods been shipped to Sinclair, a very different question would have been presented. While the language used by Stafford was that he would be responsible for the pay, his agreement was to pay his own debt. The defendants were witnesses for the defense. Their testimony tended to show that Sinclair was the debtor to plaintiffs, and not the defendants. The jury adopted the plaintiffs' theory of the case. At the close of the charge to the jury, the defendants' counsel asked the court to charge that, "if the jury find from the evidence that Stafford's promise was a mere guaranty of the payment of the Sinclair bill, that in that case the plaintiffs are not entitled to recover." The court replied: "I decline to change my charge upon that subject, and give you an exception." It may be, in view of the defendants' evidence, that this request should have been granted, but the defendants were not prejudiced, for thereafter the defendants' counsel repeated the request in different phraseology, and the court replied: "I charge that. I have so told the jury that the plaintiffs must establish, to the satisfaction of the jury from the evidence, that that lumber was shipped and sold to the defendants, and that they promised to pay for it." This presented the matter before the jury correctly, and we are not able to see how the jury could have been misled by the former refusal. We find no errors in the case requiring a reversal. The judgment and order appealed from should be affirmed, with costs of the appeal against the appellants. All concur.