John A. Snell et al., Respondents, *v.* James Rogers et al., Appellants.

*Statute of Frauds — original and collateral agreements — when a writing is unnecessary.*

Snell, a sub-contractor, by oral agreement, under one Lally, who had engaged in the building of a railroad, performed a portion of the work under his contract and while such work was still uncompleted had a conversation with one Fauquier, the party who had employed Lally, in which it was claimed that Fauquier directed Snell to go on and complete the work and that he would pay for such labor.

*Held,* that if, in reliance upon such promise, Snell went on and completed the work, the engagement with Fauquier was not void as being a parol collateral agreement by Fauquier to pay the debt of Lally, but became an original undertaking on Fauquier's part to pay the plaintiff for the work thereafter performed, and did not, therefore, come within the provisions of the Statute of Frauds requiring a writing where an undertaking is made to pay the debt of a third party.

Appeal by the defendants, James Rogers and others, from a judgment of the Supreme Court, entered upon the decision of a referee in the Franklin county clerk's office on the 31st day of December, 1892, in favor of the plaintiffs, for damages and costs.

*John P. Kellas,* for the appellants.

*John P. Badger,* for the respondents.

MAYHAM, P. J.:

The complaint in this action alleges that the defendants are indebted to them in the sum therein specified for work, labor and services done and performed by plaintiffs, their agent, servant and teams for the defendants, and at their request.

The answer is a denial of the principal allegation in the complaint; an allegation that the work was performed for a person other than the defendants, and that any alleged agreement by the defendants to pay plaintiffs for the same, was a parol collateral promise to answer for the debt of another, and void by the Statute of Frauds.

The case shows that the defendants as partners were contractors for the building of that portion of the St. Lawrence and Adirondack railroad as lies between the village of Malone and the northerly line of Franklin county.

That as such contractors they entered into a contract with one Martin T. Lally to perform the work required by their contract on a portion of the line of such railroad.

That contract was in writing, specifying the duties and obligations of the respective parties. The plaintiffs with their hands and teams, worked for Lally for some time, by the day, on this contract, and about the 26th of August, 1891, contracted with Lally through one Livingston, his agent, who was empowered by Lally to make such contract for grading and excavating at a place known as Cooney creek, at an agreed price per cubic yard, with an understanding that the agreement was to be reduced to writing, and presented for execution at a designated day in the future, and in the meantime, plaintiff with his hands and teams were to, and did, commence excavating and grading at that point.

A contract was afterwards prepared and presented for signature, but was not executed, for the reason assigned by the plaintiff, that it was not in accordance with the parol understanding between Lally, through his agent, and the plaintiff Livingston. The agent of Lally swears that the son of one of the plaintiffs said when the contract was presented that he would continue the work by the day until the contract was perfected and signed, and the referee finds that Livingston assented to that proposition.

The contract was not signed by the parties, but the plaintiffs went on and completed the work in the Cooney creek cut and fill.

While the plaintiffs were at work in that cut, a conversation occurred between the plaintiff John Snell and the defendant Fauquier, at which the plaintiff testifies, the defendant Fauquier told plaintiffs to go and complete this work and they (the defendants) would pay them for their labor. This Fauquier denies, but the referee finds that there was such an agreement. Whether there was or was not such an agreement is purely a question of fact, and while it is possible this court, from the printed record, might have reached a different conclusion if it were an original question, we do not feel authorized on this appeal to revise the findings of fact of the referee, as there is sufficient evidence to sustain this finding, especially as the referee enjoyed the advantage of seeing the witnesses and hearing their evidence as given upon the witness stand, an advantage which the appellate court does not possess, and one which is always important in determining disputed questions of fact.

Assuming, therefore, as we must, that the defendants made this agreement, and that the work performed by the plaintiffs, after it was made, was done under it, and in reliance upon the defendants' promise to pay for it, the contention of the defendants that it was a parol collateral agreement by the defendants to pay the debt of Lally, cannot be sustained, but it became an original undertaking by the defendants to pay the plaintiffs for the work thereafter performed, and is not, therefore, within the Statute of Frauds, especially as the contract between Lally and the plaintiffs was never signed or executed, and the referee finds upon sufficient evidence that, until the contract was signed, the plaintiffs' work was by the day; and as the work to be performed was for the benefit of the defendants on their job, the agreement to pay for it by the defendants was supported by a sufficient consideration. (*Bayles* v. *Wallace*, 32 N. Y. St. Repr. 341, 342; *Gallagher* v. *Nichols*, 60 N. Y. 445; *Quintard* v. *De Wolf*, 34 Barb. 97.)

But it is insisted that the contract to cut and fill at Cooney creek by the yard was a binding agreement between Lally and the plaintiffs, and that the alleged change to a contract by the day with Livingston was unauthorized, and, therefore, inoperative to bind the defendant.

But the plaintiffs, at the time of the alleged agreement with Fauquier, were at work on this job by the day, as the written con-

tract had not been signed, and if, as we have seen, that was a valid agreement, we do not see how the question of Livingston's authority can affect the question of the defendant's liability to pay for the work done under it.

We have examined the objections and exceptions taken by the appellant to the receipt and rejection of evidence, and find no error affecting the result in this case, and as the questions upon which the case turns are largely questions of fact, and the findings and conclusions supported by the evidence, the judgment must, on this appeal, be upheld.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.