HENRY RAABE et al., Appellants, v. ALBERT C. SQUIER et al., Respondents.

1. TRIAL BY REFEREE —NON-SUIT— APPEAL.   When at the conclusion of the plaintiff's evidence, on a trial by a referee, the complaint is dismissed on the defendant's motion, with an exception by the plaintiff, and the referee thereafter files a report containing findings of fact and conclusions of law, to which the plaintiff files exceptions and on which judgment is entered, the action of the referee is to be deemed in effect a nonsuit, and a question of law as to whether upon the undisputed evidence the plaintiff failed to establish any cause of action is presented for review, although the plaintiff may have omitted to request findings of fact.

2. SALE — DELIVERY IN INSTALLMENTS — NON-PAYMENT.   When a contract for the sale of goods provides for delivery in installments and payment for each installment on delivery, a refusal to deliver an installment until a former installment has been paid for does not constitute a breach of the contract on the part of the seller.

3. STATUTE OF FRAUDS — ORIGINAL PROMISE TO PAY.   If the owner of a building in process of construction promises to see the promisee paid for material to be furnished under a subsisting contract theretofore made between the promisee and the builder, which the promisee had refused to deliver on account of the builder's neglect to pay for portions of the material previously delivered, accompanied with a promise that if the builder does not pay the owner will take it out of the amount going to the builder and pay the promisee, and the promisee delivers material in reliance upon such promise, the promise, being founded upon a new consideration and beneficial to the promisor, is an original promise and so not required by the Statute of Frauds to be in writing.

Raabe v. Squier (5 Misc. Rep. 220), reversed.

(Argued December 11, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made October 17, 1893, which affirmed a judgment in favor of defendants entered upon the report of a referee dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman Aaron* for appellants.   The decision was a nonsuit, and cannot be sustained, if on the plaintiffs' evidence,

assuming its truth and every reasonable inference in plaintiffs' favor, they might have recovered. (*Scofield* v. *Hernandez*, 47 N. Y. 315 ; *Place* v. *Hayward*, 117 N. Y. 492 ; *Forbes* v. *Chichester*, 125 N. Y. 770.) Plaintiffs were entitled in this action to recover judgment not only establishing their lien, but also any judgment which the evidence showed they might recover against the defendants, or any of them, in an action upon contract. (Laws of 1885, chap. 342, § 15.) The promise of Jencks and Stokes to pay was an original promise, and not void under the Statute of Frauds. (*Prime* v. *Koehler*, 77 N. Y. 91 ; *Bayles* v. *Wallace*, 56 Hun, 428 ; *Barney* v. *Forbes*, 9 N. Y. S. R. 98 ; *Ackley* v. *Parmenter*, 98 N. Y. 425 ; *Wilks* v. *Rich*, 80 N. Y. 269 ; *Bruce* v. *Burr*, 67 N. Y. 237 ; *White* v. *Rintoul*, 108 N. Y. 226 ; *Leonard* v. *Vredenburgh*, 8 Johns. 29 ; *Mallory* v. *Gillett*, 21 N. Y. 412 ; *Brown* v. *Weber*, 38 N. Y. 187.) The Statute of Frauds is not pleaded in the answer or raised by the averments of the complaint and is not available in this action. (*Wells* v. *Monihan*, 129 N. Y. 164 ; *Porter* v. *Wormser*, 94 N. Y. 450 ; *Crane* v. *Powell*, 139 N. Y. 379.) The dismissal of the complaint as to Squier & Whipple was error. (*Smith* v. *Collins*, 35 N. Y. S. R. 274.) The filing of a *lis pendens* in this case was unnecessary. (*Ward* v. *Kilpatrick*, 85 N. Y. 413 ; Laws of 1885, chap. 342.)

*Ernest Hall* for respondents. The appeal should be dismissed as the case presents no question for review in this court. (*Thompson* v. *Bank of N. A.*, 82 N. Y. 1 ; *Burnap* v. *N. Bank*, 96 N. Y. 125 ; *Everson* v. *City of Syracuse*, 100 N. Y. 77 ; *E. F. Co.* v. *Hersee*, 103 N. Y. 25 ; *In re Hood*, 104 N. Y. 103 ; *Wood* v. *Lovey*, 124 N. Y. 83 ; *Gilman* v. *Prentice*, 132 N. Y. 148 ; *Graff* v. *Ross*, 47 Hun, 152 ; *Porter* v. *Smith*, 35 Hun, 118 ; *Spencer* v. *Chambers*, 39 Hun, 193 ; *Patterson* v. *Graves*, 11 How. Pr. 91 ; *In re Fithian*, 25 N. Y. S. R. 557 ; *Donovan* v. *Clark*, 138 N. Y. 131.) The promise alleged to have been made by the defendants W. E. D. Stokes and Francis M. Jencks, or either of

them, was a verbal one, and taken in its broadest sense was clearly collateral to the original promise and agreement of Squier & Whipple, and to the debt owing by them, which had been antecedently contracted. No new consideration or benefit moved to Jencks or Stokes, and they were placed under no independent duty of payment irrespective of the liability of Squier & Whipple, and the same is within the inhibition of the Statute of Frauds and void. (*Leonard* v. *Vredenburgh*, 8 Johns. 29; *Mallory* v. *Gillett*, 21 N. Y. 412; *Brown* v. *Weber*, 38 N. Y. 187; *Ackley* v. *Parmenter*, 98 N. Y. 425; *White* v. *Rintoul*, 108 N. Y. 222.) The defendants have not lost their right to assert that the promise attempted to be proven upon the trial is void under the Statute of Frauds, by failing to set up the statute as a defense. (*White* v. *Rintoul*, 108 N. Y. 222; *Unglish* v. *Marvin*, 128 N. Y. 385; 1 University Law Review, 24.)

HAIGHT, J. This action was brought to recover the sum of $2,800, the balance claimed to be due on contracts between the defendants Squier and Whipple and the plaintiffs, in which the plaintiffs undertook to furnish the woodwork for ten houses which the defendants Squier and Whipple were building on West End avenue in the city of New York, which were owned by the defendants Jencks and Stokes.

The complaint alleges that the defendants Jencks and Stokes " promised and agreed with the plaintiffs to be answerable to the said plaintiffs for the payments to be made under the contracts aforesaid, and guaranteed the payments therein mentioned in consideration of the plaintiffs fulfilling and completing the contracts aforesaid, and promised and agreed to pay the plaintiffs for all the work, labor and services and material furnished under the aforesaid contracts if the said Squier and Whipple would not pay."

The complaint also alleged the filing of a mechanic's lien by the plaintiffs, and concluded by demanding judgment for the foreclosure thereof, and also a judgment against the defendants Squier and Whipple for the balance due under their con-

tracts, and against the defendants Jencks and Stokes for such
balance under their promise to pay, in case of the default of
Squier and Whipple.

The case was tried before a referee, who, at the conclusion
of the plaintiff's testimony, on motion of the defendants, dis-
missed the plaintiff's complaint, to which ruling the plaintiffs
took an exception. Fifteen days thereafter the referee made
and filed a report on which the judgment appealed from was
entered.

It is contended on behalf of the defendants that there is no
question which the plaintiffs can have reviewed; that the
plaintiffs having neglected to make requests to find facts, it is
now the duty of the court to assume that there was sufficient
evidence to sustain the judgment. But the plaintiffs may
take exceptions to the findings as made, and if there is not
any evidence tending to sustain them, they may be regarded
as rulings upon questions of law. (Code C. P. § 993.)
The plaintiffs have not only taken exceptions to the findings
of fact and conclusions of law, but as we have seen have also
taken an exception to the order of the referee dismissing their
complaint. It is also contended that the report of the referee
contained negative findings of fact; that such findings are
unauthorized and should be treated as a nullity, and that
exceptions taken to such findings are of no avail upon review.
If the report is to be treated as a nullity, there is nothing
upon which the judgment can stand, for there must be a
report. (Code C. P. sec. 1022.) If there be no report the
party aggrieved may be relieved under section 1010 of the
Code. (*Gilman* v. *Prentice,* 132 N. Y. 488, 491.)

The action of the referee was, in effect, a non-suit, and, we
think, the exceptions taken present questions for review. In
*Place* v. *Hayward* (117 N. Y. 487) the trial was before a
referee. At the close of the plaintiff's evidence the defend-
ant, without announcing that he rested his case, moved that
the complaint be dismissed. The referee granted the motion
and the plaintiff excepted. Thereafter the referee made his
report containing findings of fact and a conclusion of law that

the complaint should be dismissed. The practice adopted in that case was the same as that which we now have under review. In that case Judge EARL, in delivering the opinion of the court, said: " What the referee did was to non-suit the plaintiff. . We can give no other significance to the proceeding. Therefore, he should have made no findings of fact except such as would justify a non-suit upon the trial. Under the Code the referee was required to make findings of fact and of law after granting the non-suit ;. but he had no right to make any findings of fact depending upon disputed or inconclusive evidence. Therefore, to maintain this judgment, the defendant is bound to show that there was no disputed question of fact which, upon a jury trial, the court would have been required to submit to the jury, and that upon the undisputed evidence he was entitled to judgment." Citing *Scofield* v. *Hernandez* (47 N. Y. 313). In *Forbes* v. *Chichester* (125 N. Y. 769) the same practice was adopted on the trial. The judgment was reversed in this court, upon the exception taken to the dismissal of the complaint, upon the ground that the trial court erred in holding as matter of law that, upon the evidence adduced, the plaintiff failed to establish a cause of action. The case of *Wood* v. *Lary* (124 N. Y. 83) is not in conflict with the cases above referred to. In that case the referee had filed no report whatever, and it was then held that section 1010 of the Code afforded the plaintiff ample protection.

In so far as the action was prosecuted to establish a mechanic's lien it cannot be sustained. While the complaint contains some allusions to a contract between Jenks and Stokes as owners, and Squier and Whipple as builders, it contains no distinct allegation that there was such a contract, nor is there any evidence that there was any sum remaining unpaid by the owners thereon. But upon the contract with Squier and Whipple and the promise of Jencks and Stokes it appears to us that the evidence was sufficient to establish the plaintiffs' claim, and that their complaint should not have been dismissed.

The referee finds that Jencks and Stokes were not the owners of the premises upon which the buildings were being con-

structed. It is alleged in the complaint that they were such owners, and Stokes, in his answer, admits that he was. the owner of the southerly half of the premises, and it appears from the testimony that Jencks and Stokes repeatedly asserted that they were the owners, and that they were building the houses thereon together as co-partners. This evidence is not in any manner controverted. The admission of a party is evidence against him, and in so far as it affects his liability he is bound by it unless he can show that it was not made, intended or correctly understood.

The facts then as disclosed by the evidence are substantially as follows : Jencks and Stokes were the owners of the premises. Squier and Whipple were building the houses thereon for them. Squier and Whipple entered into a contract with the plaintiffs to furnish the woodwork for the houses for the sum of $20,000. The payments were to be made in installments in cash, less ten per cent discount, on the the delivery of the material at the buildings. The contract specifically designated the material to be delivered upon each installment. The plaintiffs prepared the first installment of material, and delivered the same at the buildings, and then called upon the defendants, Squier and Whipple, for the first payment due them under the contract, but the same was delayed and not made for the space of about three months. The plaintiffs prepared and delivered the second installment of material, and also demanded payment for that, which was neglected and delayed. The plaintiffs then prepared the rest of the material called for by the contract, but refused to deliver the same until the installments furnished by them had been paid for. Under these circumstances the defendants Jencks and Stokes saw the plaintiffs and told them that they were the owners of the buildings ; that they wanted them finished and that if the plaintiffs would go ahead and deliver the rest of the material they would see them paid therefor ; that if Squier and Whipple did not pay they would take it out of the amount going to them and would pay the plaintiffs. It further appears that, relying upon this promise,

the plaintiffs proceeded and delivered all the material called for by the contracts, but that the sum of $2,800 still remains due to them and unpaid.

The referee dismissed the complaint as to Jencks and Stokes upon the ground, as he says, that their promise to pay being oral was void under the Statute of Frauds and as to Squier and Whipple upon the ground that " before the delivery of any goods by the plaintiffs under the terms of the contract the plaintiffs refused to carry out or fulfill said contract on their part with the defendants Squier and Whipple."

Considering the last proposition first, we are at a loss to understand upon what evidence it is founded. It is true that the last batch of material was not delivered until December, but we are told that the delay in delivering was because of the non-payment of the amount due on former deliveries. The refusing to deliver an installment until a former installment had been paid for was not a breach of the contract on the part of the plaintiffs. As to the Statute of Frauds it appears to us that its provisions have no application to the case under consideration. In the first place the indebtedness at the time the promise was made has been paid. The promise, in so far as it is here sought to be enforced, related to the indebtedness thereafter to be created. The promisors were the owners of the buildings in process of construction. The woodwork furnished by the plaintiffs was for their benefit. The contractors had neglected to pay the plaintiffs for the material furnished and they refused to deliver more, as they had the right to do. Under such circumstances the promise was made, and it was in reliance upon the promise that the plaintiffs delivered the rest of the woodwork. The promise thus made was original and founded upon a new consideration, that of the goods. It was beneficial, as we have seen, to the promisors, thus bringing the case within the rule stated by FINCH, J., in *White* v. *Rintoul* (108 N. Y. 222, 227), in which he says: " Where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial

to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor." (*Ackley* v. *Parmenter*, 98 N. Y. 425; *Prime* v. *Koehler*, 77 N. Y. 91; *Bayles* v. *Wallace*, 56 Hun, 428.)

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.