BOEFF et al., Respondents, v. ROSENTHAL, Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by John Boeff and another against Charles M. Rosenthal. Albert Erdman, for appellant. Manheim & Manheim, for respondents.

MacLEAN, J. Three persons, Klein, Friedman, and Friedman, Jr., bought certain premises from the defendant, who took for part of the purchase payment a bond and mortgage, and who also agreed to make or procure to be made to or for his vendees a building loan. The building loan was made. To secure himself upon that he took their further bond and mortgage. Then the vendees contracted with the plaintiffs for the furnishing of stone to be paid for in installments at certain stages of the building's progress. When a certain stage was reached, and $600 were due, the vendees defaulted, and the plaintiffs refused to deliver more stone unless paid. Thereupon, as he says, the plaintiff Boeff was introduced by Klein to Rosenthal, who, upon the threatening of a lien, proposed and promised that he would pay for the stone already furnished and for stone to be furnished, so that the building could be gotten under roof, taking the money from the building loan payments. Klein said he was satisfied with that, so that the building would go ahead. Boeff said: "All right; if you are

willing to do so, I won't have anything more to do with Klein and Friedman. I see they have no money, and will look only to Mr. Rosenthal for my payments and my money." And the defendant answered: "All right; you go ahead. I will pay you." After that conversation the plaintiffs furnished the stone, until the buildings were inclosed. Its value was $830. After the buildings were inclosed the defendant foreclosed, bought in the property, and refused to pay the plaintiffs. The alleged interview and promise were in October. In the early part of November the plaintiffs received $400, in two checks, Rosenthal's checks, indorsed by Klein and Friedman, and delivered by their lawyer. Another witness, a carpenter, testified in corroboration of the plaintiff as to the interview, and that the defendant said to Boeff: "Hurry up and deliver the stone, so that we can top off the houses, and after you have done that I will pay you." The defendant denied both the interview and the promise, and called witnesses in corroboration of his statements and explanations, presenting a direct conflict of evidence, which the jury have resolved in favor of the plaintiffs, by a verdict in their favor for $830, the value of the stone furnished after the new arrangement and agreement testified to by Boeff. No sufficient reason appears for disturbing the judgment entered therein and affirmed by the general term. The definite pecuniary interest of the defendant in the premises was quite sufficient to make the furnishing of the stone and progress of the building, by which his interest was to be benefited, a substantial consideration, supporting his own and new promise to the plaintiffs. His legal liability upon this promise is not relieved by the subsisting liability of the original debtors, his vendees. Merserau Co. v. Washburn, 6 App. Div. 404, 39 N. Y. Supp. 664; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516. Of the exceptions to which consideration is urged, two were to as many sentences in the charge of the learned trial justice. But the accompanying statements with which they were connected made them correct statements of the law. Objection was made that an affidavit made by the defendant for a motion in this action and read to the jury on the trial was irrelevant. Some of his statements therein are not easily reconcilable with his testimony, and may have affected his credibility. Another exception is more serious. The carpenter mentioned above was asked upon his redirect: "You finished the carpenter work in three or four other buildings that he was finishing, and upon which he foreclosed?" This was objected to as immaterial, and an exception was taken. The witness answered: "Yes; but the last work he gave me three days' notice. I was busy and I could not come and he had to give it to some one else. He paid me for the work I did." The allusion to other buildings foreclosed was impertinent. Causes are to be presented and decided upon competent evidence respecting material and relevant facts, not upon ridicule or prejudice. Saving "foreclosed," the question was based fairly enough upon what had been brought out upon the cross-examination, and, as the witness testified he had been paid for what he did, it can hardly be said that the reference to other matters was sufficiently important to require reversal. Judgment (76 N. Y. Supp. 988) affirmed, with costs. All concur.