### CANFIELD et al. v. STEWART.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

FRAUDS, STATUTE OF (§ 158*)—PROMISE TO PAY THE DEBT OF ANOTHER—EVIDENCE.

Evidence *held* to show that credit was given to one on her promise to pay for goods furnished another, and she and her estate are liable for the debt.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

Appeal from Judgment on Report of Referee.

Action by Sarah I. Canfield and another, as executrices of Henry Y. Canfield, deceased, against Bert D. Stewart, as administrator of Priscilla M. Williams, deceased. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Jerome S. Seacord, of Unadilla, for appellants. H. B. Sewell, of Sidney Center, for respondent.

LYON, J. In the month of February, 1906, a lease was entered into between E. B. Williams and one Jones, by which the former leas-

ed to the latter a farm in the town of Sidney, in this state, together with a team, farming implements, and the dairy thereon, for the term of one year, beginning March 1st, for the sum of $600 per year, payable in monthly installments of $50 each. The lease provided that the milk from the farm should be sold, and that the checks therefor should be made out, in the name of E. B. Williams, and that all feed bills and blacksmith bills should be paid monthly. The lease itself and the signature of E. B. Williams thereto were in the handwriting of his wife, Priscilla M. Williams, defendant's intestate, and were so written by her in his presence. The title to the farm was in her, but whether the personal property leased was owned by him or her does not appear. After the lease had been executed, Jones and E. B. Williams went to the feed store of the plaintiff in Unadilla, and Tyson, the agent of the plaintiff, refusing to give credit to Jones, as he was a stranger, Williams told Tyson to let Jones have feed and charge to him, and he would see that it was paid for. Pursuant thereto, Tyson from time to time delivered feed to Jones, statements thereof being sent monthly by Tyson to Williams, and each month Williams paid the whole or a portion of the monthly feed bills from the proceeds of the milk checks. E. B. Williams died January 21, 1907, leaving a last will and testament, probated March 9, 1907, devising and bequeathing all his property to his wife, Priscilla M. Williams, whom he appointed sole executrix. Soon after the death of her husband, Priscilla Williams went to the plaintiff's store and had a conversation with Tyson, as to which Tyson testifies he told her he would not give Jones any credit, and she thereupon told Tyson that she would pay for and be responsible for the feed, and to continue the account as it had been, and she would see that it was paid. The lease was allowed to run for another year, and Jones continued to get feed at plaintiff's store, during which time Mrs. Williams made monthly payments on account, until August 17, 1907, when, in response to a letter from Tyson asking for further payment upon account, Mrs. Williams called at plaintiff's store and told Tyson he had better not let Jones have more feed until such time as they could settle up, and to get what he could out of Jones, and that she would pay the balance. It was conceded upon the trial that the amount for which the respondent is liable, if any, is $212.02. Priscilla M. Williams died in May, 1908, and soon thereafter the defendant was duly appointed administrator of her estate. A claim in favor of plaintiff's testator against the defendant for such indebtedness was duly presented and rejected with an offer to refer, whereupon an order of reference was duly made, and the case tried before a referee, who dismissed the same with costs, upon the ground that the feed was delivered to Jones upon the joint credit of Jones and Priscilla M. Williams, and that the plaintiff had not exhausted his remedy against Jones, the survivor, nor established the insolvency of Jones.

I think the finding of the learned referee that the feed was furnished upon the joint credit of Jones and Priscilla M. Williams was against the weight of evidence, and that the evidence fairly established that the feed was furnished upon the individual credit of respond-

ent's intestate.   From the opinion of the referee it appears that the evidence upon which he based his finding was the fact that the ledger account and the statements of April and May, 1906, were in the name of Williams and Jones; that the notes of December 24, 1906, and March 18, 1907, drawn by Tyson, read, "'we' promise to pay," and that plaintiff introduced evidence bearing upon the insolvency of Jones.

Relative to these matters, it appears that the account in the ledger was kept in the beginning under the name of E. B. Williams, with a note on the page of the ledger, "got by Jones," until September 10, 1906, when Williams came to the store and asked Tyson to change the account to Williams and Jones, in order to distinguish it from his individual account, and to prevent the accounts getting mixed, which change Tyson then made and under which the account was thereafter continued. The use of the word "we" in the notes is unexplained, but it appears that the note of December 24th, signed by Mrs. Williams and Jones, was made more than one month before the interview between Tyson and Mrs. Williams, at which it is claimed she assumed liability for the payment of the feed bills. The note of March 18th was changed from "we" to "I" before it was signed by Jones, and indorsed by Mrs. Williams, and the reason for the change is not disclosed by the evidence. As to the introduction of evidence as to the insolvency of Jones, it may be said that it is not unusual for attorneys to introduce evidence to confront any theory of a case which they may apprehend to exist in the mind of the court or the opposing counsel. It will be observed, however, that the claim as presented was against the respondent for feed sold and delivered to Priscilla M. Williams for the Jones farm.

The evidence tending to establish the fact that the feed was furnished upon the individual credit of Priscilla M. Williams is the lease itself, providing that the milk checks should be made payable to the lessor, and that all feed bills should be paid monthly; the testimony of Tyson and Jones that Tyson refused to extend credit to Jones and that E. B. Williams thereupon agreed to pay the feed bills; the opening of the ledger account to E. B. Williams; the testimony of Tyson and Myers that Priscilla M. Williams requested that the account be continued as it had been, and the refusal of Tyson to give credit to Jones, and the statement of Mrs. Williams that she would pay the feed bill; the fact that the milk checks were made payable to E. B. Williams during his lifetime, and thereafter to Priscilla M. Williams, and that all payments upon the feed bill were in fact made by one of them; that no payments thereon were ever offered to be made by Jones, no credits ever asked by him, and that plaintiff never looked to him for payment; and that the feed was for the benefit of the stock on the farm, which, at least after the death of E. B. Williams, was owned by Priscilla M. Williams. The amount of the milk checks which were received by the lessors was not shown, but that the lessors received them is apparent from the fact that the lease was continued until after the death of Priscilla M. Williams.

The credit having been given to Priscilla M. Williams upon her promise to pay for the feed furnished Jones, her estate is liable for the

indebtedness. Maddock v. Root, 72 Hun, 98, 25 N. Y. Supp. 396, affirmed 150 N. Y. 561, 44 N. E. 1125; Schwoerer v. Stone, 130 App. Div. 796, 115 N. Y. Supp. 440; Raabe v. Squier, 148 N. Y. 81, 87, 42 N. E. 516; Parkes v. Stafford, 16 N. Y. Supp. 756.[1]

The evidence fairly establishes the individual liability of Priscilla M. Williams. The judgment dismissing the claim should be reversed, and a new trial had before another referee, with costs to abide the event. All concur.