### BARKENTHIEN v. PEOPLE et al.

(Supreme Court, Special Term, Queens County. July 23, 1912.)

TRIAL (§ 388*)—FINDINGS OF FACT.
　　Under Code Civ. Proc. § 1021, as amended in 1895 (Laws 1895, c. 946), providing that the court need not make any finding of fact upon a trial of issues of fact or law where a nonsuit is granted, findings of fact were unnecessary, though the action was equitable, where the court dismissed plaintiff's complaint and also defendant's counterclaim, because of insufficient proof.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908–911, 915; Dec. Dig. § 388.*]

Action by Dina Barkenthien against the People of the State of New York and others. On settlement of decision. Findings of fact held unnecessary.

See, also, 136 N. Y. Supp. 178.

Matthew J. Wheelehan, for plaintiff.
Thomas Carmody, Atty. Gen., for the People.

BENEDICT, J. In this case, an equitable action tried by the court, I have filed an opinion directing the dismissal of plaintiff's complaint as upon a nonsuit, because of her failure to prove her cause of action, and dismissing the defendant's counterclaim on the same ground. The plaintiff presents for settlement a decision containing findings of fact and conclusions of law separately stated. This raises an important question of practice, as to the form which the decision of the court should take under such circumstances. The plaintiff insists that it must be a decision stating separately the facts found and the conclusions of law thereon, relying upon Wood v. Lary (1891) 124 N. Y. 83, 26 N. E. 338. That case is, however, hardly applicable, because there the dismissal was upon the merits, and not upon a nonsuit. The general language used in the opinion must be interpreted in view of the facts before the court. In Place v. Hayward (1889) 117 N. Y. 487–492, 23 N. E. 25, a case in which the referee had made findings of fact and conclusions of law, and directed judgment dismissing the complaint upon the merits, the Court of Appeals, by Earl, J., said:

"Nevertheless, what the referee did was to nonsuit the plaintiff. We can give no other significance to the proceeding. Therefore he should have made no findings of fact except such as would justify a nonsuit upon the trial. Under the Code, the referee was required to make findings of fact and of law after granting the nonsuit, but he had no right to make findings of fact depending upon disputed or inconclusive evidence."

See, also, Raabe v. Squier (1895) 148 N. Y. 81, 84, 42 N. E. 516.
If these cases were the law to-day, findings of some sort would unquestionably be necessary in the case at bar; but in 1895 the Legislature passed an amendment to section 1021 of the Code (Laws 1895, c. 946), which took effect January 1, 1896. As amended, the material part of this section reads as follows (the words introduced by the amendment being indicated in italics):

"The decision of the court, or the report of a referee, upon the trial of a demurrer, *or upon the trial of the issues of fact or law, where a nonsuit is granted,* must direct the final or interlocutory judgment to be entered thereupon, *and in any such case it shall not be necessary for the court or referee to make any finding of fact.*"

Commenting upon this amendment in McNulty Bros. v. Offerman, 141 App. Div. 730, 732, 126 N. Y. Supp. 755, the Appellate Division in the Second Department has said:

"That the statute now contemplates a decision in an equity action analogous to a nonsuit at law seems clear. * * * Not only is it unnecessary, but the court under such circumstances has no right to make findings upon disputed or inconclusive evidence"—citing Raabe v. Squier, supra, Place v. Hayward, supra, and Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154.

In the case last cited, an action for the foreclosure of mechanics' liens, decided prior to the amendment of section 1021, above referred to, the Court of Appeals was called upon to review a judgment of the General Term, affirming a judgment in favor of the defendant,

dismissing the complaint, with costs, entered upon the report of a referee. The referee made no findings of fact, nor were findings proposed by either party. The Court of Appeals said that in such condition of the record "the dismissal of the complaint must be deemed equivalent to a nonsuit."

From these authorities it seems clear that where the complaint is dismissed for failure of proof after a trial by the court without a jury, or by a referee, whether the action is of a legal or an equitable nature, findings of fact are unnecessary; and it seems to me that the same rule applies where a counterclaim is dismissed for failure of proof. Undoubtedly, in a case tried by the court or a referee, defendant may rest without giving evidence and move to dismiss the complaint on the merits; and the judgment rendered upon a decision granting such motion would not be treated as a judgment of nonsuit. McNulty Bros. v. Offerman, 141 App. Div. 733, 126 N. Y. Supp. 755. It would, of course, have to be founded upon a decision containing findings of fact and conclusions of law separately stated, and it would constitute a bar to a subsequent action for the same cause.

In the case at bar, it was not the court's intention to pass upon the merits either of the plaintiff's cause of action or the defendant's counterclaim, but to dismiss both, as upon a nonsuit, for want of sufficient proof. Hence findings of fact are unnecessary.