'Argued October 29, decided November 20, 1913.

# GREENWOOD v. EASTERN OREGON POWER CO.*

(136 Pac. 336.)

**Electricity—Injuries—Contributory Negligence—Jury Question.**

1. In an action for personal injuries caused by contact of the top of plaintiff's hay derrick with electric wires strung by defendant over a highway, whether plaintiff was guilty of contributory negligence in attempting to drive under the wires *held* a question for the jury.

[As to liability of one maintaining electric wires in highways for injuries to traveler coming in contact therewith, see notes in Ann. Cas. 1913D, 912.]

**Negligence—Contributory Negligence—Jury Question.**

2. Contributory negligence is a question of law only where the facts are undisputed, or where only one inference can be drawn from the evidence, but is a question for the jury if the evidence conflicts, or if it is undisputed, but different inferences may be drawn therefrom.

**Electricity—Injuries—Jury Question—Negligence.**

3. In an action for personal injuries by being shocked by a hay derrick which plaintiff was driving coming in contact with electric wires strung by defendant over a highway, whether defendant was

———————

*On the general question of the liability for injury or death of traveler coming in contact with electric wire in highway, see notes in 31 L. R. A. 566 and 22 L. R. A. (N. S.) 1169.   REPORTER.

guilty of negligence in allowing its wires to be maintained as low as they were *held* a jury question.

[As to duties and liabilities of electric corporations, see note in 100 Am. St. Rep. 515.]

**Electricity—Care Required.**

4.  Where derricks similar to that one which plaintiff was driving when it came in contact with defendant's electric wires strung over the highway were common in the county, it was defendant's duty to use care commensurate with the highly dangerous character of its business, to maintain its wires at highway crossings so as to minimize the danger to persons lawfully using the highway.

From Union: JOHN W. KNOWLES, Judge.

En Banc.    Statement by MR. CHIEF JUSTICE MC-BRIDE.

This is an action by R. P. Greenwood against the Eastern Oregon Light & Power Company, a private corporation, to recover damages for personal injuries. The material parts of the complaint are substantially as follows: "That prior to the commencement of this action, and long prior to the happening of the acts and omissions of negligence by defendant hereinafter alleged, defendant obtained from the County Court of Union County, State of Oregon, license, permission and authority to use and occupy the public highways of said county for the purpose of setting, stringing, placing and maintaining poles, upon which to stretch, string, attach to and extend and maintain wires for the purpose of transmitting electricity from point to point in said county, over, through and by means of said wires so to be strung, stretched, extended, attached to, and maintained upon such poles. * * That by the terms of such franchise, permission and authority granted by said county to defendant, it was· provided the defendant, at all points and places upon such public highways and roads of said county, where the defendant should extend its wires for transmitting electricity as aforesaid, over and across said highway

or public road at any road crossing or junction of any two roads or otherwise, that said wires should be extended, strung, stretched and maintained not lower than thirty-five (35) feet above the surface of the road and highway at such crossing and junction and at such a height and in such a manner as not to interfere with traffic and travel upon such public highway and road at and upon such crossing and junction; and that the poles upon which such wires should be so stretched, strung and maintained over, above, and across such crossing and junction of such highway and road, should not be more than one hundred (100) feet apart and distant from each other. * * That on the 17th day of June, 1912, the defendant negligently, carelessly and wrongfully set, erected, had and maintained, as part of its line of transmission, two poles, one on either side of the public highway and crossing, and at a junction of two public highways and roads, by then and there having, setting and maintaining said poles at a greater distance than one hundred (100) feet apart and from each other, and at a distance of about one hundred and forty-nine (149) feet apart; and that said poles were so negligently set, erected, had and maintained by defendant, at a point on its line of transmission, at and near the northwest corner of the northwest quarter (N. W. ¼) of section thirteen (13), in township three (3) south, of range thirty-eight (38), E. W. M., and about four (4) miles east of the city of La Grande, in said Union County, Oregon. * * That on the said 17th day of June 1912, the defendant negligently, carelessly and wrongfully stretched, strung, extended, and maintained upon said poles so negligently, carelessly and wrongfully set, erected and maintained, its wire and wires over, above and across the said highway and public road at said junction and crossing thereof, without other

support, at a distance many feet lower than thirty-five (35) feet above the surface of the said public highway and crossing at said junction, and at a distance and in a manner to greatly interfere with and endanger the property and lives of persons and the general public engaged in traffic, or traveling or working, at, in, upon, about and near the said public highways and road, at said crossing and junction thereof. That said defendant then and there so negligently, carelessly and wrongfully stretched, strung and maintained said wire and wires at a distance of about thirty (30) feet from and above the surface of the said public highways and road at said crossing and junction thereof. * * That on the said 17th day of June, 1912, the defendant wholly, negligently, carelessly and wrongfully failed, neglected and omitted to fully, completely, or at all insulate said wire and wires at or near said point and points, or at any point between said two poles, and when and while said poles were then and there so negligently, carelessly and wrongfully set, had, erected and maintained, and when and while said wire and wires were then and there so negligently, carelessly and wrongfully stretched, strung, extended and maintained on said poles, and when and while said wires, by the said negligent, careless and wrongful acts and omissions of defendant were wholly uninsulated, the said defendant negligently, carelessly and wrongfully charged, maintained, and carried over, through and upon said wire and wires, a high, deadly and dangerous current and voltage of electricity, in transmitting the same from point to point in said county. * * That on the said 17th day of June, 1912, and when and while said poles of defendant were so carelessly, negligently and wrongfully set, had, erected and maintained, and when and while said wire and wires were then and there so negligently, carelessly

and wrongfully stretched, strung, extended and maintained thereon, and when and while said wire and wires were then and there, by the said negligent, careless and wrongful acts and omissions of defendant, were without full, complete or any insulation at all, and when and while said wire and wires were so negligently, carelessly and wrongfully charged with, maintaining and carrying a high, deadly and dangerous current and voltage of electricity, and without any warning or knowledge of the said negligent, careless and wrongful acts and omissions of defendant, the plaintiff went and was lawfully upon said highways and road at said crossing and junction thereof, conducting over, across and upon said public highways and road a hay derrick, said hay derrick, at the highest point thereof, being many feet lower than thirty-five (35) feet from and above the surface of said highways and road, and under said wire and wires of defendant, so negligently, carelessly and wrongfully stretched, strung, extended and maintained over, across and above said highways and road at said crossing and junction thereof. And that the highest point of said hay derrick, from and above the surface of said highways and road at, upon and under said wire and wires, at said crossing and junction of said highways and road, was about thirty (30) feet; and that said hay derrick was of the kind and height in common use in the neighborhood and vicinity of said crossing and junction of said highways and road. * * That when and while plaintiff was so traveling and conducting said hay derrick upon, over, and across said public highways and road at said crossing and junction thereof, the extreme top of said hay derrick came in contact with and touched the said wire and wires of defendant, when, by reason of the said negligent, careless and wrongful acts and omissions of de-

fendant, and by reason of each of them, a heavy, deadly and dangerous current and voltage of electricity was diverted from said wire and wires to, in, upon and through the head, body, and limbs of plaintiff, thereby giving him a great and painful shock, knocking him down with great, sudden and painful violence, rendering him unconscious for a long time, thereby causing the team of plaintiff to become greatly frightened and to run away, and drag said hay derrick over the prostrate body of plaintiff, thereby inflicting upon him great and painful injuries, wounds and bruises in and upon his head, face, body, and limbs.'' Then follow allegations as to the extent of the injuries suffered by the plaintiff.

Defendant answered admitting its corporate existence and the motive of its business, admitted the allegations in paragraph 2 of the complaint, and denied all the other allegations of the complaint, except as affirmatively stated in the answer. For a further answer defendant alleged: That the transmission line complained of was constructed in 1904 by the Grande Ronde Electric Company under and by authority of the County Court of Union County, and was afterward operated and maintained by them until purchased by defendant. ''That on the 17th day of June, 1912, and at all times prior thereto, the plaintiff had full knowledge of said transmission line and knew that it crossed the road at the point where the plaintiff alleges that he was injured, and plaintiff knew that the wires of said transmission line were charged with electric energy and that if said wires were brought into contact with the derrick which the plaintiff was then hauling and transporting along the said road, great danger to plaintiff would necessarily result with such contact between said transmission wires and said derrick. * * That at said time the said derrick so being hauled and transported along the said road by

plaintiff as aforesaid was being so hauled and transported by plaintiff in broad daylight and with the derrick pole and attachments extending straight up, a distance of about 41 feet above the ground, and was being so hauled and transported without lowering the said derrick pole so as to permit it to pass under said wires without coming into contact therewith. * * That the plaintiff knew, or by the exercise of due caution could have known, the height of the derrick pole and the distance above the ground of the top of said pole, and knew, or by the exercise of due care could have known, that the said derrick pole in the position in which the same was at said time being hauled and transported along the road could not pass under the said wires of said transmission line. * * That at said time the plaintiff with full knowledge of all of said matters and things above set forth, and without lowering said derrick pole or in any way attempting to prevent the said derrick pole and its attachments from coming into collision and contact with the said wires of said transmission line, and without the exercise of due caution and care upon his part, carelessly, negligently and recklessly drove and hauled the said derrick along the said road at the place where the said transmission line crossed said road and brought said derrick pole, so extended above the road as aforesaid, into contact and collision with said transmission wires so charged with electric energy as aforesaid; and, if any damage or injury resulted to plaintiff from said derrick pole coming into contact with said wires or otherwise, such damage and injury resulted wholly from the carelessness and negligence of the plaintiff as aforesaid and not by or through any fault or negligence of this defendant whatsoever.''

The reply denied the new matter in the answer. Plaintiff introduced a franchise granted to defendant in May, 1912, granting it permission to erect and main-

tain electric lines along the public highways of Union County, conditioned, among other things, that at any point where there was a junction of roads or road crossing the poles of said crossing should not be placed more than 100 feet apart, and not lower than 35 feet above the surface of the road; but it appeared that the franchise for the line in question was granted to the Grande Ronde Electric Company, the predecessor in interest of the defendant, and that the line was actually constructed by that company and afterward sold to defendant, who continued to maintain it. Plaintiff then offered to introduce the franchise granted to the Grande Ronde Electric Company, which offer was rejected, and thereafter the court practically instructed the jury that a violation of the franchise in question could not be a ground of recovery. Numerous requests of both parties for instructions were presented and overruled, which, being too voluminous to be included in this statement, are briefly noticed in the opinion. The plaintiff had a verdict and defendant appeals.                                             AFFIRMED.

For appellant there was a brief over the names of *Mr. John L. Rand, Mr. A. A. Smith* and *Mr. William H. Packwood, Jr.,* with an oral argument by *Mr. Smith.*

For respondent there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. One of the principal points relied upon by defendant on this appeal is the contributory negligence of the plaintiff. There is evidence tending to show that plaintiff was moving his hay derrick, which had a mast or pole reaching to a height of 29 feet and 4 inches above the surface of the road, and was sub-

stantially of the same construction and height as other derricks in common use in Union County; that he had previously driven under this line of wires with another derrick, which he supposed was about the same height, but which was, in fact, somewhat lower, without injury, and that upon the day of the injury he drove under these wires, which were placed so low that the top of the derrick came in contact with a live uninsulated wire of defendant's power line, causing him to receive the shock which occasioned the injury. Plaintiff saw the wires, and, no doubt, knew the danger which might ensue in case the pole of his derrick should come in contact with them; but it was for the jury to say, in view of all the evidence, whether, under all the circumstances, a reasonably prudent and careful man would have been justified in assuming that the defendant had placed its wires at such a height or so insulated them that they would not be a source of danger.

2. The question of contributory negligence is rarely a question of law for the court, but usually a question of fact for the jury. It is only where the facts are undisputed, and only one inference can be drawn from the testimony, that the question is for the court. When there is a conflict of evidence, or even when the facts are undisputed, but different inferences may be drawn therefrom, it is a question of fact for the jury: *Webb* v. *Heintz,* 52 Or. 444 (97 Pac. 743); *Nosler* v. *Coos Bay R. Co.,* 39 Or. 331 (64 Pac. 644); *Wolf* v. *City Ry. Co.,* 45 Or. 446 (72 Pac. 329, 78 Pac. 668); *Lewis* v. *Rio Grande Western Ry. Co.* (Utah), 123 Pac. 97; *Reynolds* v. *Los Angeles Gas & Electric Co.,* 162 Cal. 327 (122 Pac. 962, Ann. Cas. 1913D, 34, 39 L. R. A. (N. S.) 896).

3. The evidence of the negligence of defendant in allowing its wires to be maintained in the position in which they were was sufficient to go to the jury. Ir-

respective of the allegations in the complaint in respect to the franchise granted by the County Court, the complaint states a good cause of action against said defendant for negligence. The instructions given by the court practically eliminated the franchise from the case, and it was given to the jury as a common-law action for negligence.

4. The evidence tends to show that derricks of the same character as that driven by plaintiff are common in Union County, and it was the duty of the defendant to have used care commensurate with the extremely dangerous character of the force it was engaged in transmitting in maintaining its wires at crossings as to minimize their danger to citizens lawfully using the public roads. The measure of care required of defendant is well stated in *Shank* v. *Great Shoshone etc. Water Power Co.* (C. C. A.), 205 Fed. 833, which was a case arising, as did the one at bar, from a hay derrick having come in contact with an electric wire.

Judge MORROW, referring to the defendant in that case, said: "It was clearly its duty to have used every reasonable precaution to raise and keep its high power transmission wires sufficiently high above ground for the safe passage of such structures as the plaintiff was engaged in moving at the time and place he was injured. Such structures were common to that locality. It was not of unusual height, and its passage along the highway over the bridge was to be expected at any time." To the same effect are *Perham* v. *Portland Gen. Elec. Co.*, 33 Or. 451 (53 Pac. 14, 24, 73 Am. St. Rep. 730, 40 L. R. A. 799); *Fitzgerald* v. *Edison Elec. Mfg. Co.*, 200 Pa. 540 (50 Atl. 161, 86 Am. St. Rep. 732); *Ermis* v. *Gray*, 70 Hun, 462 (24 N. Y. Supp. 379).

It would have been but a small item of expense to defendant to have placed its wires high enough above

the road to have eliminated all probability of danger to persons traveling on the highway, and, if it neglected this precaution to the injury of a citizen, the courts will not search for technical reasons to protect it from the consequences of its carelessness.

We have carefully examined the instructions requested by and refused both parties as well as those given, and have come to the conclusion that no substantial error was committed, and that a correct verdict and judgment were rendered in the case.

The judgment is therefore affirmed.

AFFIRMED.